FILED'08 MAY 30 12:46USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VELMA A. REID,                                    Civil No.   07-6160-AA
                                                  OPINION AND ORDER
          Plaintiff,

     vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

          Defendant.
_____

Kathryn Tassinari
Drew L. Johnson
Drew L. Johnson, P.C.
1700 Valley River Drive
Eugene, Oregon 97401
     Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Joanne E. Dantonio
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
     Attorneys for defendant

AIKEN, Judge:

     Claimant, Velma Reid, brings this action pursuant to the

1    - OPINION AND ORDER

Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for disability insurance benefits on August 13, 2003. Tr. 70-72. Plaintiff's application was denied initially and on reconsideration. Tr. 23-36. After hearings held on August 7, 2006, and January 22, 2007, the Administrative Law Judge (ALJ) issued a decision on March 21, 2007, finding plaintiff not disabled. Tr. 10-20. On May 15, 2007, the Appeals Council denied plaintiff's request for review, tr. 5-9, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 404.981, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was 44 years old at the time of her disability application, and 47 years old at the time of the ALJ hearing. Tr. 70. Plaintiff alleged disability since March 1, 2003, based on pain in her legs, hips, and back, and memory problems. Tr. 70, 87. Plaintiff obtained a high school education and had past relevant work experience as a telemarketer. Tr. 93, 242, 290. Plaintiff last worked in November 2001, prior to her alleged onset date, when she was laid off from her job. Tr. 87, 243, 246-47.

## STANDARD OF REVIEW

This court must affirm the Secretary's decision if it is

based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R.

§§ 404.1520(c), 416.920(c).   If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d).   If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e).   If the claimant can work, she is not disabled.   If she cannot perform past relevant work, the burden shifts to the Secretary.   In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).   If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled.   20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity after her alleged onset date of March 1, 2003.   Tr. 15, Finding 1.   This finding is not in dispute.   At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disease, morbid obesity, affective disorder, and personality disorder.   Tr. 15,

4   - OPINION AND ORDER

18, Finding 2.  This finding is not in dispute.  At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment.  Tr. 15, Finding 3. This finding is not in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work.    Tr. 16, Finding 4.

At step four, the ALJ found that plaintiff was unable to perform her past relevant work.  Tr. 19, Finding 5.  Finally, at step five, applying the framework of the Medical-Vocational Guidelines, and relying on the testimony of a vocational expert (VE), the ALJ found that plaintiff could perform other work existing in significant numbers in the national economy.  Tr. 19-20, Findings 6-9.  This finding is conceded by the Commissioner as error.  Def's Memo in Support of Remand, p. 4.

The defendant filed a motion to remand this case to the ALJ conceding that the ALJ's decision contains legal errors and arguing that those errors must be addressed before the court can determine whether plaintiff is disabled.  Plaintiff opposes the motion to remand arguing that the court should reverse and remand for a finding of disability stating that all improperly evaluated evidence should be credited as true.  Pl's Brief, p. 14.

The defendant concedes that the ALJ erred in failing to adopt the complete opinion of Dr. French regarding plaintiff's residual functional capacity, in evaluating the statement of lay witness, Ms. Hunter, and in identifying jobs at step five that plaintiff could perform.  Specifically, defendant concedes that plaintiff could not perform the jobs identified by the vocational

expert at step five if Dr. French's reaching restriction was incorporated into plaintiff's residual functional capacity. Nevertheless, the defendant argues that the ALJ's "not entirely credible" finding regarding plaintiff's testimony of disability was proper.

1. Dr. French's Opinion

On September 19, 2006, plaintiff was examined by Dr. John French on behalf of the agency. Tr. 228. Dr. French diagnosed plaintiff with chronic diffuse pain, noting radiographic evidence of degenerative changes in the knee. Tr. 230. He noted that plaintiff's examination was "certainly" consistent with the x-rays. Id. He advised that she should limit kneeling, squatting, crawling and heavier lifting. Id. Dr. French recommended weight loss. Id. He limited her to light work due to degenerative disease in her back which limits her from performing repetitive flexion. Id. Dr. French found that plaintiff had adequate fine motor coordination of both of her extremities. Id. He recommended an ergonomic chair at the work site and occasional changes of position. Id. He wrote that she should not be walking or weight bearing for prolonged periods of time given the degenerative changes in her knees. Id. Dr. French wrote that plaintiff "certainly may have some degenerative disease" in her wrist, aggravated by weight bearing in the upper extremities. Id. He noted that plaintiff appeared to have significant depression, and mental health issues, and may be more disabled on that basis than on the basis of her musculoskeletal limitations. Id. Dr. French concluded that plaintiff should sit less than six hours in an eight-hour work day. Tr. 233. He found she was

limited to lifting 10 pounds in the upper extremities and limited in reaching in all directions, including overhead, although she could "occasionally" reach.  Tr. 234.

The defendant concedes that the ALJ failed to incorporate both Dr. French's reaching limitation and his finding that plaintiff should have an ergonomic chair on the job site into his residual functional capacity assessment.  The ALJ must provide clear and convincing reasons supported by substantial evidence to reject uncontradicted opinions from treating or examining doctors.  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).  When, as here, the Commissioner fails to provide adequate reasons for ignoring the opinion of a treating or examining physician, that opinion is generally credited as true as a matter of law.  Id. at 1069.  When Dr. French is credited on this issue, plaintiff must be found disabled, as the reaching limitation and need for a special chair preclude the jobs identified by the VE.

Further, the Commissioner did not meet her burden of proving that plaintiff retains the ability to perform "other work" in the national economy.  The ALJ found that plaintiff was not able to perform her past relevant work.  Tr. 19.  Therefore, the burden shifts to the Commissioner to prove that plaintiff is capable of working an eight-hour day at some alternate job within her residual functional capacity.  Tackett v. Apfel, 180 F.3d 1094, 1100 (9th Cir. 1999).  To meet that burden, the Commissioner may rely on the testimony of a VE, however, the hypothetical posed to the VE must accurately contain all of plaintiff's limitations that are supported by substantial evidence on the record.  Robbins v. Social Security Administration, 466 F.3d 880,

886 (9th Cir. 2006).

As noted above, Dr. French clearly found that plaintiff could only "occasionally" reach and that "reaching in all directions (including overhead)" was "limited." Tr. 234. According to the Dictionary of Occupational Titles (D.O.T.), the jobs identified by the VE for plaintiff as "other work in the national economy" included a hand packager, who must "constantly reach throughout the workday;" and sorting, small products assembly, and cashiering all require "frequent" reaching. See D.O.T. 920.587-018, 361.687-014, 706.684-022, 211.462-010. Therefore, when crediting Dr. French's uncontradicted opinion, plaintiff must be found disabled. Further, Dr. French found that plaintiff should be provided with an ergonomic chair on the job site. Tr. 230. The ALJ also failed to incorporate this restriction into plaintiff's residual functional capacity. The VE testified that employers would not always provide an ergonomic chair, and he was unable to estimate the number of jobs in which such a chair would be provided. Tr. 293-94. Defendant provided no evidence that plaintiff has the capacity to perform "other work" in the national economy. Therefore, a finding of disability is appropriate and supported by substantial evidence.

2. Plaintiff's Credibility

Plaintiff testified at the hearing that she weighed 273 pounds. Tr. 240. She said that she did not feel she could perform her past job because she had problems concentrating. Tr. 248. She thought this was because she hurt all the time. Id. Plaintiff testified that she hurt everywhere in her body but particularly had bad headaches and pain in her knees, ankle, the

8    - OPINION AND ORDER

back of her neck and back part of her eyes. <u>Id.</u> She had vision trouble but had not been able to afford glasses. Tr. 249. She also had not been able to afford physical therapy because it was not covered by insurance. Tr. 251. Plaintiff testified that she used a cane all the time, even at home, because of her back, knees and ankle. Tr. 252. She testified she is in pain, particularly in her low back, despite taking pain medication. Tr. 253. She takes anti-depressant medication, but continues to experience depression every day. Tr. 253-54. She testified that she "hurt all the time," "cried a lot," and "sleeps so she does not have to feel bad." Tr. 254-56. Plaintiff testified that she sleep about six hours during the day, in addition to sleeping at night. Tr. 257, 264.

In evaluating plaintiff's residual functional capacity, the ALJ found that plaintiff's allegations concerning disability were not entirely credible. Tr. 17-18. The defendant concedes that plaintiff has severe impairments, which can reasonably cause the symptoms plaintiff complains about. The parties agree that plaintiff has satisfied the first requirement of the test set forth in <u>Cotton v. Bowen</u>, 799 F.2d 1403 (9th Cir. 1986). The issue is whether plaintiff's subjective statements concerning the severity of her symptoms and functional abilities are credible. The Commissioner does not concede that there were errors in the ALJ's evaluation of plaintiff's credibility regarding her subjective statements. Defendant's Memo in Support of Remand, p. 2.

In order to reject plaintiff's subjective claims once plaintiff establishes the existence of an impairment and a casual

relationship between the impairment and some level of symptoms, the ALJ must provide clear and convincing reasons, supported by substantial evidence. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the plaintiff's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by plaintiff that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) plaintiff's daily activities; and (4) medical evidence tending to discount the severity of subjective claims. Rollins v Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001).

The ALJ must identify what testimony is not credible and what evidence undermines plaintiff's complaints. Lester v Chater, 81 F.3d 821, 835 (9th Cir. 1995). The ALJ's reasons here fail to meet this legal standard. The ALJ stated that examinations by medical consultants had revealed "gross symptom exaggeration." Tr. 18. Dr. French did note equivocal effort and inconsistencies, however, he did not question plaintiff's integrity or truthfulness. Tr. 229. In fact, Dr. French noted that his examination was "certainly" consistent with the radiographic evidence of degenerative changes in plaintiff's knee. Tr. 230. He also described plaintiff as "emotionally labile" and noted that she appeared to have "significant depression," perhaps more limiting than her musculoskeletal problems. Id. Further, regarding Dr. Kruger's testing, while he stated that plaintiff tended to exaggerate her symptoms on the

10    - OPINION AND ORDER

MMPI-2, he did not suggest that she was in any way malingering. Moreover and significantly, he appears to have adopted in full the MMPI findings in making his diagnoses. Tr. 222-23. After a thorough reading of the record including the ALJ's reasons for rejecting plaintiff's testimony, I find those reasons fail to rise to the level of clear and convincing evidence. Plaintiff's testimony is therefore credited. Moisa v. Barnhart, 367 F.3d 882, 887 (9th Cir. 2004). Finally, I note that a finding as to plaintiff's credibility is not in itself sufficient to establish plaintiff's disability (or lack thereof). All of the evidence in the record, including plaintiff's statements, must be considered prior to reaching a conclusion about disability. See Social Security Ruling 96-7p.

### CONCLUSION

The Commissioner's decision is not based on substantial evidence, and is therefore, reversed and remanded for payment of benefits. Further, defendant's motion to remand (doc. 17) is denied. This case is dismissed.

IT IS SO ORDERED.

Dated this 28 day of May 2008.


_____
Ann Aiken
United States District Judge


11   - OPINION AND ORDER